IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                               EASTERN DIVISION


| LEA-TEST LTD., LEA HYVARINEN, | ) | |
|---|---|---|
| M.D. AND GOOD-LITE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 04 C 6626 |
| | ) | |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| PRECISION VISION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| PRECISION VISION, INC. | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEA-TEST LTD., LEA HYVARINEN, | ) | |
| M.D. AND GOOD-LITE COMPANY, | ) | |
| | ) | |
| Counterdefendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRISTIAN GREENING, | ) | |
| | ) | |
| Third-party Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Third-party defendant's Christian Greening's ("Greening") motion to dismiss portions of

the Counterclaim/Third-Party Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is before

the court.  For the reasons stated in this memorandum and order, Greening's motion is granted.

**I.      Background**

The facts of the case as alleged in the Complaint and the Counterclaim/Third-Party

1

Complaint are taken as true for purposes of this motion to dismiss and briefly set out here to the extent necessary to address the parties' arguments.  Plaintiff Dr. Lea Hyvarinen ("Hyvarinen") is the owner of copyrights for the LEA-Test visual acuity testing systems.  Plaintiff LEA-Test has obtained U.S. trademark registrations for the trademarks LEA NUMBERS and LEA SYMBOLS.  Defendant Precision Vision, Inc.  ("Precision Vision") was the former exclusive licensee of the LEA-TEST systems.  Plaintiff LEA-Test gave timely notice of its intention not to continue the exclusive licensing agreement with Precision Vision beyond December 2002, and entered into a licensing agreement with plaintiff Good-Lite.  Third-party defendant Greening worked for Precision Vision from 1991 to September 2002 before joining Good-Lite.

Plaintiffs' Complaint alleges several federal law claims, including copyright infringement, and federal trademark infringement, among others, regarding the testing systems developed by plaintiff, Hyvarinen.  The complaint also includes several state law claims, including breach of terms of the settlement agreement, common law trademark infringement and unfair competition, a claim under the Illinois Deceptive Trade Practices Act , 815 ILCS 510/2, and a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.   Jurisdiction over these claims is based on the court's pendent jurisdiction over state law claims under 28 U.S.C. § 1367.

On November 10, 2004, Precision Vision filed, along with its answer and counterclaim, a third-party complaint against plaintiffs and Greening.  The Counterclaim/Third-Party Complaint alleges five counts, including copyright invalidity and non-infringement (Count I); a declaration that a settlement letter between the parties is not a valid and enforceable agreement (Count II); breach of confidential relationship and misappropriation of trade secrets (Count III); breach of

confidentiality agreement (Count IV); and unfair competition (Count V).[1] Counts III-V of the Counterclaim/Third-Party Complaint are asserted against Greening: (a) "breach of confidential relationship and misappropriation of trade secret" (Count III) alleging that Greening had access to confidential and proprietary data as an employee of Precision Vision and improperly disclosed his knowledge of such data to Good-Lite, his current employer, and that Good-Lite and the other plaintiffs used this misappropriated information in creating the deposit materials for their copyright application for the LEA SYMBOLS and LEA NUMBERS; (b) "breach of contract" (Count IV) alleging that Greening breached the Confidentiality Agreement by disclosing confidential and proprietary data to "outsiders" and soliciting Precision Vision's customers; and (c) "unfair competition" (Count IV) alleging that Good-Lite unfairly competed against Precision Vision by hiring Greening and inducing him to violate his Confidentiality Agreement with Precision Vision, and otherwise engaged in acts of misappropriation.

Greening contends that Counts III-V of the Counterclaim/Third-Party Complaint should be dismissed as against him for two reasons. First, Greening contends that the "third-party complaint is devoid of a single allegation that Greening may be liable to Precision Vision for the claims that are the subject of the original Complaint." Accordingly, Greening argues that he is not a proper third-party defendant and the counts against him must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Greening also argues that Counts III-V of the Counterclaim/Third-Party Complaint allege state law claims that have no connection to the original complaint and do not "share a common nucleus of operative facts" with the federal

---

[1] The Counterclaim/Third-Party Complaint does not specify which of these claims are asserted against Greening. Greening states that Count I and II have no connection to him and thus, the instant motion to dismiss is not directed to these two counts.

question claims in the complaint. As a result, Greening asserts that the court has no jurisdiction over these state law claims and they should be dismissed for lack of subject matter jurisdiction.

Precision Vision responds by arguing that Greening's alleged violation of the Confidentiality Agreement is closely related to plaintiffs' claim of copyright infringement. Specifically, Precision Vision states that plaintiffs have asserted a claim of copyright infringement as to 37 copyright registrations, which were filed within a month of the termination of the licensing agreement with Precision Vision. Precision Vision states that these registrations include deposit materials, the creation and manufacture of which "is a highly technical, exacting and iterative science." According to Precision Vision, either plaintiffs completed the arduous process of authoring and developing 37 copyright applications in one month, or, as asserted in the Counterclaim/Third-Party Complaint, Greening breached his Confidentiality Agreement with Precision Vision and "improperly utilized, duplicated and transferred the vision test source materials misappropriated from Precision Vision." Thus, Precision Vision contends that Greening's alleged breach of the Confidentiality Agreement is "inextricably tied" to plaintiffs' allegations of copyright infringement.

## II.     Propriety of Greening as a Third-party Plaintiff

Fed. R. Civ. P. 14 provides that:

> At any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.*

Fed. R. Civ. P. 14(a) (emphasis added). "The mere fact that a third party claim arose out of the same transaction or occurrence as the original claim is an insufficient basis to implead another party." *Westell Technologies, Inc. v. Hyperedge Corp.*, No. 02 C 3496, 2003 WL 22088039, at

*4 (N.D. Ill. Sept. 8, 2003) (citing *U.S. General, Inc. v. Joliet*, 598 F.2d 1050, 1053 (7th Cir.1979)).

Greening asserts that nowhere in the Counterclaim/Third-Party Complaint does Precision Vision "allege that Mr. Greening may be liable to Defendant Precision Vision for the claims that are the subject of the original Complaint filed by plaintiffs." Precision Vision makes two arguments in rebuttal.

First, it contends that as to the copyright infringement claim:

> If, as the Plaintiffs allege in their Complaint, the vision test materials shown in Precision Vision's catalog are identical to the asserted copyright registration deposit materials then the source material . . . for these vision test materials were removed by Mr. Greening from Precision Vision in violation of the Confidentiality Agreement [between Greening and Precision Vision]. . . . Specifically, if Precision Vision is liable to Plaintiffs for copyright infringement, then Mr. Greening is liable to Precision Vision for a corresponding damage award upon Mr. Greening's breach of the Confidentiality Agreement and unfair competition.

From what this court can discern, Precision Vision is arguing that if it is held liable for copyright infringement in this action, then it will automatically recover damages for the breach of the Confidentiality Agreement claim against Greening because, according to Precision Vision, Greening "must have" misappropriated the copyright registration deposit materials.

As an initial matter, Precision Vision's argument that a successful action for copyright infringement by the plaintiffs will automatically establish Greening's liability for damages for breach of the Confidentiality Agreement is simply legally incorrect. The copyright infringement claim by the plaintiffs and Precision Vision's claim for breach of the Confidentiality Agreement are two separate causes of action and establishing the former does not relieve Precision Vision of its obligation to satisfy the elements of the latter. Further, plaintiffs' copyright infringement

5

claim against Precision Vision alleges that (i) Hyvarinen is the owner of the valid copyrights in the LEA SYMBOLS and LEA NUMBERS test systems, (ii) Precision Vision had access to the LEA SYMBOLS and LEA NUMBERS by virtue of its position as the exclusive manufacturer and distributor of the systems, and (iii) Precision Vision illegally copied and displayed these symbols in its catalog and website subsequent to the termination of its licensing agreement with plaintiffs. The court agrees that even if plaintiffs succeed on their copyright infringement claim, it has not been established that Greening "is or might be liable" to Precision Vision as a result.

Precision Vision further argues that the Confidentiality Agreement (which is attached to the Amended Answer and Counterclaim and Third-Party Complaint) includes an indemnification clause that requires Greening to reimburse Precision Vision for all expenses resulting from the breach of the Confidentiality Agreement in which Precision Vision is the prevailing party. The indemnification clause to which Precision Vision refers provides that "[i]n the event that either of the Sellers [Greening and his wife] breaches, or threatens to breach this Agreement, and the company initiates legal proceedings to enforce its rights hereunder, Sellers shall reimburse the company for all expenses thereby incurred, including court costs and reasonable attorney's fees, but only if Company [Precision Vision] prevails." It is not exactly clear to this court what argument Precision Vision intends to make. The language of the indemnification provision appears to allow Precision Vision to recoup its costs if it successfully prosecutes an action for breach of the Confidentiality Agreement against Greening and/or his wife. How Greening would be derivatively liable for any costs associated with Precision Vision's prosecution or defense of copyright infringement claims, however, is not evident.

Second, Precision Vision argues that "[i]f Mr. Greening is found in violation of the

6

Confidentiality Agreement then the Plaintiffs' copyright registrations are invalid for at least improper authorship. Therefore, the adjudication of the claims against Mr. Greening will provide an absolute defense to Precision Vision against the Plaintiffs' copyright infringement action." But, Greening argues that "[a]ny defense of improper authorship, . . . , relates to whether Dr. Hyvarinen created the Copyrighted Works," and "has no relationship whatsoever to the deposit materials filed in connection with the copyright registrations." In support, Greening notes that "[a]s a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *JCW Investments Inc. v. Novelty, Inc*., 289 F. Supp. 2d 1023, 1031 (N.D. Ill. 2003)(citing 17 U.S.C. § 102).[2] Thus, Greening's argument goes, Precision Vision's purported defense of improper authorship has no necessary connection to Greening's alleged violation of the Confidentiality Agreement let alone establishing Greening's liability to Precision Vision for the claims asserted by plaintiffs. This court agrees.

In conclusion, none of the counts against Greening allege a theory of derivative or secondary liability. Precision Vision "fails to show how the claims it has brought against [Greening] necessarily rely on the adjudication of [Precision Vision's] liability to plaintiffs." *Westell Technologies, Inc. v. Hyperedge Corp*., No. 02 C 3496, 2003 WL 22088039, at *4 (N.D. Ill. Sept. 8, 2003) *(citing Perez v. Arcobaleno Pasta Machines*, *Inc*., 261 F. Supp. 2d 997, 1000 (N.D. Ill. 2003) (third-party defendant's liability necessarily relies on an adjudication of

---

[2]Precision Vision appears to be in agreement with this statement because it asserts in its response brief that "the 37 asserted copyright registrations must be original works authored by Lea Hyvarinen, MD or such registrations do not meet the statutory requirements for registration and are invalid and unenforceable." Response at 6.

third-party plaintiff's liability to plaintiff)).

Accordingly, Greening's motion to dismiss is granted for failure to allege a proper theory of third-party liability under Rule 14.[3]

### III.    Subject Matter Jurisdiction

Greening also contends that Counts III-V of the Counterclaim/Third-Party Complaint should be dismissed for lack of subject matter jurisdiction.  "A federal court has jurisdiction to hear 'all claims sufficiently related to the claim on which its original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution.'" *General Auto Service Station v. City of Chicago*, No. 00 C 0368, 2004 WL 442636, at *11 (N.D. Ill. March 9, 2004) (quoting *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181 (7th Cir. 1993).  *See also* 28 U.S.C. § 1367.  "Claims are sufficiently related if they 'derive from a common nucleus of operative fact,' such that the 'relationship between the [federal claim] and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.'" *Id.* (quotation omitted).   "A loose factual connection between the claims is generally sufficient" to establish supplemental jurisdiction. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

Greening contends that the requisite factual connection between Counts III through V of the Counterclaim/Third-party Complaint and the original Complaint does not exist, and again, this court agrees.

---

[3]Precision Vision also briefly argues, with no supporting authority, that Greening is an "indispensable party under Fed. R. Civ. P. 19(a) which provides for joinder of persons needed for just adjudication."  Response at 6.  Precision Vision, however, fails to offer any explanation as to how Greening is an indispensable party under Rule 19(a).  Accordingly, the court denies the request for joinder.

The Complaint alleges claims of copyright infringement and federal trademark infringement against Precision Vision for its alleged unauthorized use of the copyrights and trademarks at issue. Counts III and IV of the Complaint allege false endorsement and false designation of origin, and false advertising, respectively. These claims deal with Precision Vision's alleged improper use of the LEA-test trademarks on documents and information that Precision Vision was distributing to third parties.

On the other hand, Count III of the Counterclaim/Third-Party Complaint claims a breach of confidential relationship and misappropriation of trade secret against Greening. As noted above, Greening has not demonstrated how this claim has any connection to the validity or unauthorized use of copyrights or trademarks as alleged in the Complaint. Further, Precision Vision has not demonstrated that Count III has any connection to plaintiffs' allegations against Precision Vision regarding false advertising. The same is true for Counts IV and V of the Counterclaim/Third-Party Complaint, which allege, respectively, breach of contract between Precision Vision and Greening as to the Confidentiality Agreement, and unfair competition by Good-Lite for hiring Greening and inducing him to breach the Confidentiality Agreement for its benefit.

A ruling on the federal copyright and trademark infringement claims or the federal false advertising claim will leave Precision Vision's state law claims against Greening and Good-Lite unaffected and vice versa. *General Auto Service Station*, No. 00 C 0368, at *12 (noting that facts supporting third-party state law breach of contract claim were unrelated to whether the city violated plaintiff's due process rights and the "constitutional claims will be wholly unaffected if the contract claim is dismissed.")

Precision Vision again asserts that it has "properly alleged that these asserted copyright registrations are invalid and unenforceable for at least improper authorship based on Mr. Greening's improper transfer of source material." However, as the court has already noted, the improper authorship argument has no connection to Precision Vision's allegations that Greening improperly transferred source materials to Good-Lite, and Precision Vision has cited to no cases or other authority contradicting this conclusion.

Accordingly, plaintiffs' motion to dismiss Counts III-V of the Counterclaim/Third-Party complaint for lack of jurisdiction is granted.

## IV. Motion for Leave to Amend

Precision Vision seeks leave to amend its complaint in the event that this court grants Greening's motion to dismiss. Precision Vision asks leave to file an amendment "regarding the common nucleus of facts" between its claims against Greening or to "include an explicit claim of subject matter jurisdiction under 28 U.S.C. § 1338(b)." Greening objects on the grounds that amendment of the counterclaims would not cure the defects.

As to Precision Vision's request to amend as to the "common nucleus of facts," Greening argues that "the facts do not support any legal claim that [he] is liable for the copyright, trademark, false advertising and unfair competition claims brought by Plaintiffs against Precision Vision." However, Fed. R. Civ. P. 15(a) allows one amendment "as a matter of course" when the opposing party has not yet filed a responsive pleading. Greening has not filed a responsive pleading to the Counterclaim/Third-Party Complaint. *Ross v. Franzen*, 777 F.2d 1216, 1222 (7th Cir.1985) (a motion to dismiss or for summary judgment is not a responsive pleading). Thus, Precision Vision may amend to plead additional facts.

10

As to Precision Vision's request to amend to include an allegation under 28 U.S.C. § 1338(b), that provision states that district courts have "original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trade-mark laws." Precision Vision asserts that "unfair competition" as used in § 1338 can include theft of trade secrets, breach of confidential relationships, and interference with contractual relationships, so long as those claims are related. *ISC-Bunker Ramo Corp. v. Altech, Inc.*, 765 F. Supp. 1310, 1328 (N.D. Ill. 1990).[4] According to Precision Vision, "[a] claim of unfair competition is 'related' under § 1338(b) if it derives from a common nucleus of operative facts." Response at 8 (citing *Pate Co. v RPS Corp.*, 685 F.2d 1019 (7th Cir. 1982)).[5]

Greening contends that Precision Vision's unfair competition has no factual connection to the copyright infringement claim or the trademark infringement claim, thus it would fail under 28 U.S.C. § 1338 for the same reasons that jurisdiction failed under 28 U.S.C. § 1367, i.e., supplemental jurisdiction.

The court cannot conclude at this point, however, that Precision Vision is not able to plead any set of facts under which it would have a valid cause of action and/or jurisdiction as to Greening. Thus, the court grants Precision Vision's motion for leave to amend.

---

[4] The court notes that *ISC-Bunker Ramo* only involved trade secret violation and interference with contract and not breach of confidential relationship.

[5] The court also notes that the court in *Pate* concluded that it did *not* need to decide which factual relationship was required for jurisdiction under § 1338(b) (i.e., whether it was the more liberal viewpoint that two claims are "related" if they have a "factual nucleus" or whether related claims must "rest upon substantially identical facts"). *Pate*, 685 F.2d at 1026.

## V. Conclusion

For the reasons stated herein, Greening's motion to dismiss Counts III-V of the Counterclaim/Third-Party Complaint is granted. Precision Vision is granted leave to amend Counts III-V of the Counterclaim/Third-Party Complaint.

**DATE:** April 12, 2005        /s/ Blanche M. Manning
                                **Blanche M. Manning**
                                **United States District Judge**